C. Sean Patterson
Daniel D. Wall
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:  +1 415 957 3000
Fax:   +1 415 957 3001
CSPatterson@duanemorris.com
DWall@duanemorris.com

Attorneys for Defendant
REALPLAY TECH INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KHINOO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REALPLAY TECH INC.,<br><br>Defendant. | Case No. 2:26-cv-00959-JFW (PVCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REALPLAY TECH INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:      May 18, 2026<br>Time:      1:30 p.m.<br>Dept.:     Courtroom 7A, 7th Floor<br>Judge:     Honorable John F. Walter<br><br>Action Filed:    January 30, 2026 |

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................... 2

    a. RealPlay's Services and Plaintiff's Allegations ..................................... 2

    b. Users Must Agree to the Terms of Use Before Making Purchases on the Platform ................................................................... 2

        i. Assent Process ............................................................................. 3

    c. System Records Confirming Plaintiff's Assent .................................... 4

    d. The Relevant Terms of Use Contain a Binding Arbitration Agreement and Delegation Clause .......................................................... 5

III. LEGAL STANDARD .......................................................................................... 8

IV. ARGUMENT ....................................................................................................... 9

    a. Plaintiff Agreed to a Valid and Enforceable Arbitration Agreement ............................................................................................. 9

    b. The Terms Delegated Questions of Arbitrability to the Arbitrator ............................................................................................. 10

    c. Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement ........................................................................................... 11

    d. The Class Action Waiver is Enforceable ............................................ 12

    e. The Court Should Stay This Action Pending Arbitration ................... 13

V. CONCLUSION .................................................................................................. 13

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*
570 U.S. 228 (2013) .................................................................................. 1, 8, 12

*AT&T Mobility LLC v. Concepcion*
563 U.S. 333 (2011) .................................................................................. 12

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*
475 U.S. 643 (1986) .................................................................................. 8

*Bishoy Nessim v. Fliff, Inc.*
No. 5:23-cv-01048-SSS-SHK (C.D. Cal. Jan. 5, 2024) ................................... 10

*Boyle v. Sweepsteaks Ltd.*
No. 8:25-cv-00302, 2025 WL 1674480 (C.D. Cal. May 19, 2025) ................... 11

*Buckeye Check Cashing, Inc. v. Cardegna*
546 U.S. 440 (2006) .................................................................................. 11

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*
207 F.3d 1126 (9th Cir. 2000) .................................................................... 8

*Dean Witter Reynolds, Inc. v. Byrd*
470 U.S. 213 (1985) .................................................................................. 9

*Epic Sys. Corp. v. Lewis*
584 U.S. 497 (2018) .................................................................................. 8

*Gilmer v. Interstate/Johnson Lane Corp.*
500 U.S. 20 (1991) .................................................................................... 8

*Green Tree Fin. Corp.-Ala. v. Randolph*
531 U.S. 79 (2000) .................................................................................... 8

*Henry Schein, Inc. v. Archer & White Sales, Inc.*
586 U.S. 63 (2019) .................................................................................. 1, 9-10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
460 U.S. 1 (1983) ...................................................................................... 8

CAPTION 2:26-CV-00959

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

*Nguyen v. Barnes & Noble Inc.*
  763 F.3d 1171 (9th Cir. 2014)............................................................................10

*Rent-A-Center, W., Inc. v. Jackson*
  561 U.S. 63 (2010) ...........................................................................................9-11

*Smith v. Spizzirri*
  601 U.S. 472 (2024) ......................................................................................... 1, 13

**Statutes**

9 U.S.C. § 2.......................................................................................................1, 8-9

9 U.S.C. §§ 3-4 .........................................................................................................9

Federal Arbitration Act...................................................................................1, 8-9, 12

CAPTION 2:26-CV-00959

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

## I.        INTRODUCTION

Plaintiff Jeremy Khinoo ("Plaintiff" or "Khinoo"), a customer of RealPlay Tech Inc. ("Defendant" or ""RealPlay"), filed a putative Class Action Complaint ("Complaint") on January 30, 2026, asserting four causes of action against RealPlay: (1) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (3) violation of California Penal Code § 496(c); and (4) unjust enrichment.  Plaintiff's claims are premised on the allegation that RealPlay's online social gaming platform, accessible at www.realprize.com (the "Platform"), constitutes an illegal gambling operation under California law.

Plaintiff's claims are subject to arbitration on an individual basis. Every RealPlay user, including Plaintiff, is required to create an account and affirmatively accept the Terms of Use and Sweepstakes Rules (the "Terms") as a condition of accessing the Platform. Those Terms include a mandatory arbitration provision requiring that "any claim, dispute or controversy … arising out of or relating to" the Platform or its services be resolved through final and binding arbitration, as well as a class action waiver.

The arbitration provisions in the Terms are "valid [and] irrevocable," 9 U.S.C. § 2, and must be "rigorously enforce[d] . . . according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

Because Plaintiff's claims fall squarely within the scope of that agreement, and because the Terms delegate questions of arbitrability to the arbitrator, the Court should compel arbitration. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 71 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.") Then, where, as here, a party requests a stay pending arbitration, the Federal Arbitration Act mandates that the Court stay the action. See *Smith v.*

*Spizzirri*, 601 U.S. 472, 475 (2024) (holding that Section 3 of the FAA requires a stay upon a finding of arbitrability).

## II.    STATEMENT OF FACTS

### a.    RealPlay's Services and Plaintiff's Allegations

RealPlay is a private company organized and existing under the laws of Delaware, with a place of business at 8 The Green Suite B, Kent, Delaware 19901. Declaration of Oshri Cohen ("Cohen Decl.") ¶ 2.) RealPlay offers customers the ability to access its free-to-play online social gaming platform designed solely for amusement and entertainment through the Platform, www.realprize.com. (Cohen Decl. ¶¶ 5-6.) The Platform does not provide any essential or critical service; rather, its users voluntarily choose whether to participate, and its users are free to stop playing at any time without consequence. (Id.)

Plaintiff is a natural person and citizen and resident of Santa Barbara, California. (Complaint ¶ 5.) Plaintiff created an account on the Platform and used it to purchase virtual coins and participate in games offered through the Platform. (Complaint ¶¶ 36-38.)  Plaintiff alleges that RealPlay's games constitute unlawful gambling because coins can be purchased with real money and wagered on games of chance. (Complaint ¶¶ 3, 23-39.)

Plaintiff asserts claims under the UCL, CLRA, California Penal Code § 496(c), and for unjust enrichment, and seeks relief on behalf of a putative class. (Complaint ¶¶ 61-63.) Each of these claims arise directly from the services Plaintiff used and the Terms he accepted when registering his account and before playing any games and thus fall squarely within the scope of the arbitration clause.

### b.    Users Must Agree to the Terms of Use Before Making Purchases on the Platform

At all relevant times, RealPlay required all users to first create a user account and register with the Platform prior to accessing, using, or playing any games on it. (Cohen Decl. ¶ 7.) When a new user accesses the Platform for the first time, he or

she will be prompted to create an account, and review and accept RealPlay's Terms. (Cohen Decl. ¶¶ 8-9.) A new user must affirmatively accept and agree to the Terms before completing account creation and accessing the Platform. (Cohen Decl. ¶¶ 8-12; Terms 1.2 ¶ 2 ["You are not permitted to use the Website or any Service if you do not accept these T&C…"].) Without that acceptance, the account cannot be created and services cannot be used. (Cohen Decl. ¶¶ 8-12, 21-22 [Exhibits B and C].)

RealPlay maintains business records documenting each user's acceptance of the Terms, including the specific version accepted and the corresponding timestamp. (Cohen Decl. ¶¶ 4, 16-18.) These records are maintained in the ordinary course of business and are relied upon by RealPlay to track user activity and account status. (Cohen Decl. ¶ 4, 18.)

### i.    Assent Process

The registration process requires new users to affirmatively assent to the Terms through a clear and enforceable clickwrap mechanism. (Cohen Decl. ¶¶ 8-15.) As part of account creation process, users are presented with a checkbox stating that, "By ticking this box you indicate that you have read and acknowledge Terms of Use Service Agreement & Privacy Policy." (Cohen Decl. ¶¶ 8-9.) Users must also affirmatively check a box confirming, "I am at least 18 years old and not a resident of the Restricted States." (Cohen Decl. ¶¶ 10, 15 [Exhibit A].)

Both statements and check boxes appear directly above a red button saying, "Create Account," and within the statement the hyperlinks to the "Terms of Use Service Agreement & Privacy Policy" and "Restricted States" are bolded and appear in dark gold brown font against a white background. (Cohen Decl. ¶¶ 11, 13, 15 [Exhibit A]) When users access the Terms, all versions immediately include and emphasize a notice of the arbitration provision on the first page. (Cohen Decl. ¶¶ 21-22 [Exhibits B and C].)

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

Below is a screenshot of the clickthrough process:



Through this process, users acknowledge that they have read and agree to the Terms and Privacy Policy. (Cohen Decl., ¶¶ 8-9.)  Further, users are also required to accept updated Terms before continuing to use the Platform when material updates occur. (Cohen Decl. ¶¶ 31-32.)

### c.   System Records Confirming Plaintiff's Assent

Plaintiff is a customer and user of the Platform. (Complaint ¶ 36.) Plaintiff created a customer account and registered with the Platform prior to playing any games. (Cohen Decl. ¶¶ 7, 19.) In his complaint, Plaintiff does not allege when he created his account, when he purportedly agreed to any Terms, or which version of RealPlay's Terms governs his claims. Instead, Plaintiff relies only on vague allegations that he used the platform "during the four-year period preceding the filing of this action." (Complaint ¶ 35.)

Plaintiff's complaint and assertions regarding his timeline are inconsistent

4

CAPTION 2:26-CV-00959

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

with the record. Plaintiff did not register an account until July 12, 2024, approximately a year and a half before filing this action. (Cohen Decl. ¶ 19.) RealPlay's records also establish that Plaintiff maintained multiple accounts on the Platform, which demonstrates his repeated engagement with RealPlay's registration and acceptance process. (Cohen Decl. ¶¶ 23-24)

At the time of each registration, Plaintiff was required to accept, and did accept, the Terms then in effect as a condition of creating his account and accessing the Platform. (Cohen Decl. ¶ 24.) Plaintiff did not opt out of the arbitration agreement pursuant to the Terms. (Cohen Decl. ¶ 25.)

### d.  The Relevant Terms of Use Contain a Binding Arbitration Agreement and Delegation Clause

All versions of the Terms during the relevant period of Plaintiff's use of the Platform require arbitration of all past, present, and future disputes. (*See* Terms; Cohen Decl. ¶ 21-22, 26-28 [Exhibits B and C].) Terms Version 1.2, effective June 2024, was the operative contract in effect when Plaintiff created his first RealPlay account. Those Terms govern all access to and use of the Platform, account creation, gameplay, and purchases.

Prominently displayed on the first page of the Terms, in bold and italicized font, is both a disclosure of the nature of the services and notice of the binding arbitration provision. It states:

> ***Also please be aware that this T&C include a mandatory arbitration provision as established in Section 3 and 29 and you have a right to opt-out by following the procedure established therein.***
> (Terms, Version 1.2) (bold and italicized in original.)

Section 3 of the Terms further provides:
> TO THE MAXIMUM EXTENT PERMITTED UNDER APPLICABLE LAW, ANY CLAIM, DISPUTE OR CONTROVERSY OF WHATEVER NATURE ("CLAIM") ARISING OUT OF OR RELATING TO THESE T&C AND/OR

OUR WEBSITE OR GAME OR ANY OTHER SERVICES MUST BE RESOLVED BY FINAL AND BINDING ARBITRATION IN ACCORDANCE WITH THE PROCESS DESCRIBED IN THE DISPUTE RESOLUTION SECTION BELOW. PLEASE READ THE DISPUTE RESOLUTION SECTION 29 CAREFULLY.
(Terms, Version 1.2) (emphasis in original)

It also highlights an Opt-Out Provision:

IF YOU DON'T WISH TO BE SUBJECT TO ARBITRATION YOU MAY OPT-OUT FROM THE ARBITRATION BY FOLLOWING THE INSTRUCTIONS PROVIDED IN SECTION 29. TO THE MAXIMUM EXTENT PERMITTED UNDER APPLICABLE LAW, YOU ARE GIVING UP THE RIGHT TO LITIGATE (OR PARTICIPATE IN AS A PARTY OR CLASS MEMBER) ALL DISPUTES IN COURT BEFORE A JUDGE OR JURY.
(Terms, Version 1.2) (emphasis in original)

Section 29 confirms that this arbitration agreement is broad in scope and applies to:

…any dispute arising out of or relating to this Agreement … including … federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation, or any other legal theory.
(Terms, Version 1.2 § 29.)

The Terms also include an express delegation provision:

…This Arbitration Agreement includes … disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement … All such matters shall be decided by an arbitrator and not by a court or judge.
(Terms, Version 1.2 § 29.)

The Terms further require that arbitration proceed on an individual basis:

ALL CLAIMS MUST BE BROUGHT IN A PARTY'S INDIVIDUAL CAPACITY … THE ARBITRATOR MAY NOT CONSOLIDATE MORE THAN ONE PERSON'S CLAIMS OR ENGAGE IN ANY CLASS ARBITRATION.
(Terms, Version 1.2 § 29.)

The Terms further require that users engage in a mandatory pre-dispute resolution process before initiating arbitration or litigation. (Terms, Version 1.2 § 29.) Plaintiff does not allege compliance with this condition precedent.  In addition, the Terms provide a 30-day opt-out mechanism, confirming that the arbitration

6

agreement was a known and voluntary condition of use. (Terms, Version 1.2 § 29 and 2.4.)

RealPlay's Terms were updated multiple times during Plaintiff's use of the Platform, users were required to accept updated Terms before continuing to access the Platform. (Cohen Decl. ¶¶ 31-33.) Plaintiff was required to accept updated Terms as a condition of continued use and did so each time he accessed the Platform after those updates. (Cohen Decl. ¶¶ 31-33.)

The most recent Terms accepted by Plaintiff make this delegation even more explicit. The 2025 Terms provide that the parties agree to arbitrate:

> "By agreeing to these terms, and to the extent permitted by applicable law, you and the Company agree that any and all past, present and future disputes, claims or causes of action between you and the Company arising out of or relating to the RealPrize Agreement, the Site, Site Content, Sweep Prizes, the formation of the RealPrize Agreement or any other dispute between you and the Company and whether arising prior to or after your agreement to this Clause **25, (each a "Dispute") will be governed by the procedure detailed below in this Clause 25."**

(Terms, Version 2.4 § 25.)

…

> "By agreeing to the RealPrize Agreement, and to the extent permitted by applicable law, you and the Company each and both agree to resolve any Dispute — including any Dispute concerning the enforceability, validity, scope or severability of this agreement to arbitrate — through final and binding arbitration as detailed in this Clause 25."

(Terms, Version 2.4 § 25.2.)

This language unmistakably delegates all threshold questions of arbitrability to the arbitrator. Further, the Terms also provide that the arbitration provision "shall be construed under and be subject to the Federal Arbitration Act…" (Terms Version 2.4 § 25.) The Terms further require that arbitration be conducted pursuant to JAMS rules. (Terms, Version 2.4 § 25.4.)

Accordingly, all agreed terms confirm Plaintiff agreed to binding arbitration provisions that govern his claims.

7

CAPTION 2:26-CV-00959

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

## III.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the arbitration agreement at issue. The FAA provides that a written agreement to arbitrate disputes arising out of a contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA embodies a strong federal policy favoring arbitration and places arbitration agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Courts must therefore "rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

Arbitration agreements must therefore be "rigorously enforced according to their terms." *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013). This policy extends to individualized arbitration proceedings. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018). When a contract contains an arbitration clause, there is a presumption of arbitrability, and "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

In the Ninth Circuit, the Court's role on a motion to compel arbitration is limited to two questions: (1) whether a valid agreement to arbitrate exists and (2) whether the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party resisting arbitration bears the burden of proving that the agreement is invalid or inapplicable. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). If both requirements are met, the FAA "leaves no place for the exercise of discretion," and the Court must compel arbitration and stay the proceedings. *Dean Witter Reynolds,*

*Inc. v. Byrd*, 470 U.S. 213, 218 (1985); 9 U.S.C. §§ 3-4.

Finally, where the arbitration clause contains a delegation provision, as it does when RealPlay assigned questions of arbitrability or enforceability to the arbitrator, courts must honor that delegation unless the provision itself is specifically challenged. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70-72 (2010); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 71 (2019).

## IV.    ARGUMENT

### a.    Plaintiff Agreed to a Valid and Enforceable Arbitration Agreement

The FAA requires courts to enforce arbitration agreements where a valid agreement exists. 9 U.S.C. § 2; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Here, Plaintiff affirmatively agreed to the Terms in consideration of and as a condition of creating his account and accessing the Platform. (Cohen Decl. ¶¶ 8-12, 20.) The registration process required Plaintiff to select a checkbox confirming that he had read and agreed to the Terms before proceeding. (Cohen Decl. ¶ 9.) A user cannot complete registration or access any aspect of the Platform without providing that affirmative assent. (Cohen Decl. ¶ 12.)

The Terms were presented to Plaintiff through a clear clickwrap interface that provided conspicuous notice and required an unambiguous manifestation of assent. The registration screen included hyperlinks to the Terms, allowing Plaintiff to review them before agreeing. (Cohen Decl. ¶ 8-12.) By selecting the checkbox and proceeding with registration, Plaintiff assented to be bound by the Terms.

RealPlay's system records further confirm that Plaintiff registered his first account on July 12, 2024 and accepted the Terms then in effect. (Cohen Decl. ¶¶ 19-20.) These records are maintained in the ordinary course of business and establish both the timing and fact of Plaintiff's assent. (Cohen Decl. ¶¶ 4, 17-18.) Plaintiff does not allege otherwise. And, indeed, Plaintiff created multiple accounts

and was required to accept the Terms each time he registered. (Cohen Decl. ¶¶ 23-24)

Under well-established law, such clickwrap agreements are routinely enforced as valid and binding contracts. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-76 (9th Cir. 2014) (recognizing that where a user is required to affirmatively assent after being provided notice of terms, a binding agreement is formed). The Central District of California recently granted a nearly identical motion to compel arbitration brought by *Fliff, Inc.*, which operates a similar gaming platform governed by Pennsylvania law. *See Bishoy Nessim v. Fliff, Inc.*, No. 5:23-cv-01048-SSS-SHK (C.D. Cal. Jan. 5, 2024) (order granting motion to compel arbitration). Plaintiff cannot avoid the consequences of the agreement he accepted by choosing not to review its terms.

Accordingly, a valid and enforceable arbitration agreement exists.

**b.      The Terms Delegated Questions of Arbitrability to the Arbitrator**

The Supreme Court has made clear that when an agreement delegates questions of arbitrability to the arbitrator, courts must honor that delegation unless it is specifically challenged. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70-72 (2010). "[P]arties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.* 586 U.S. 63, 71 (2019).

Here, the Terms expressly delegate to the arbitrator all questions concerning the enforceability, scope, and validity of the arbitration agreement: "This Arbitration Agreement includes … disputes … including the enforceability, revocability, scope, or validity of the Arbitration Agreement … All such matters shall be decided by an arbitrator and not by a court or judge." (Cohen Decl. ¶¶ 21-22; Terms 1.2 § 29.) The Terms further provide that the parties "agree to resolve

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

any Dispute – including any Dispute concerning the enforceability, validity, scope or severability of this agreement to arbitrate – through final and binding arbitration." (Cohen Decl. ¶¶ 21-22; Terms 1.2 § 29, Terms 2.4 § 25.2.) This language unmistakably delegates all threshold questions of arbitrability to the arbitrator. *Rent-A-Center*, 561 U.S. at 70-72. Further evidence that the arbitration provision delegates substantive arbitrability to the arbitrator lies in the fact these Terms required adherence AAA (Terms, 1.2 § 28) and JAMS (Terms, 2.4 § 25.4.) These rules expressly provide that issues of jurisdiction and arbitrability shall be submitted to and ruled on by the arbitrator.

Plaintiff does not specifically challenge the delegation provision. His allegations that RealPlay's operations are unlawful are directed at the contract as a whole, not the arbitration clause itself. (Complaint ¶¶ 40-42.) Under *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006), such challenges must be resolved by the arbitrator. Courts addressing materially identical allegations involving sweepstakes-based social gaming platforms have reached the same result. In *Boyle v. Sweepsteaks Ltd.*, No. 8:25-cv-00302, 2025 WL 1674480, at *5 (C.D. Cal. May 19, 2025), the court compelled arbitration and rejected the plaintiff's argument that the platform constituted unlawful gambling, holding that such arguments go to the enforceability of the agreement and must be decided by the arbitration.

Accordingly, the delegation clause requires that all issues of enforceability, scope, and arbitrability be decided by the arbitrator.

### c. Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement

The arbitration clause covers any dispute "arising out of or relating to" the agreement, Platform, services, or "any other dispute between you and the Company." (Terms, Versions 1.2-2.4.)

Here, Plaintiff's claims arise entirely from his use of the Platform and alleged

transactions within it. In his Complaint, Plaintiff alleges that the Platform is an unlawful gambling operation and asserts claims under the UCL, the CLRA, Penal Code § 496(c), and for unjust enrichment, all based on his use of the Platform, his purchases of coins, and the wagers he placed. (Complaint ¶¶ 1-4, 36-38, 49-85.) Each of these claims arises directly from the services Plaintiff used and the Terms he accepted when registering his account.

Accordingly, all of Plaintiff's claims fall within the scope of the arbitration agreement.

### d.    The Class Action Waiver is Enforceable

The Supreme Court holds that arbitration agreements precluding class action relief are valid and enforceable. *Am. Express Co.*, 570 U.S. at 236-39. This is because a class action waiver "does not constitute the elimination of the right to pursue [a] remedy" but rather "merely limits arbitration to the two contracting parties." *Am. Exp. Co.*, 570 U.S. at 236; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (the FAA prohibits state law "from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures.").

The Terms expressly require that arbitration proceed on an individual basis and prohibit class or representative proceedings. They provide that any arbitration "**shall not proceed as a class, group or representative action.**" (Terms, Version 2.4 § 25.) (emphasis in original.)

The Terms further state:
> NEITHER YOU NOR THE COMPANY SHALL BE ENTITLED TO PARTICIPATE IN ANY GROUP, CLASS, COORDINATED, CONSOLIDATED, OR COLLECTIVE OR MASS ARBITRATION OR LITIGATION… INCLUDING AS A REPRESENTATIVE MEMBER OF A CLASS…" and "…ANY AND ALL SUCH RIGHTS ARE HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVED."

(Terms, Version 1.2 § 29, Version 2.4 § 25.7.) (emphasis in original.)

12    CAPTION 2:26-CV-00959

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

Plaintiff agreed to these Terms. Accordingly, Plaintiff may not pursue his claims on a class or representative basis, and any arbitration must proceed on an individual basis.

**e.      The Court Should Stay This Action Pending Arbitration**

Section 3 of the Federal Arbitration Act provides that when a court determines that a matter is referred to arbitration, it "shall" stay the action pending arbitration upon application of a party. 9 U.S.C. § 3. See *Smith v. Spizzirri*, 601 U.S. 472, 475 (2024) (where a party requests a stay and the dispute is arbitrable, the court must stay the action and lacks discretion to dismiss it.)

Because each of Plaintiff's claims falls within the scope of the arbitration agreement, the Court should compel arbitration and stay this action in its entirety pending completion of arbitration.

**V.      CONCLUSION**

For the foregoing reasons, this Court should compel arbitration of Plaintiff's claims on an individual basis in accordance with the arbitration provisions in the Terms and stay further proceedings pending the completion of such arbitration.

Dated:  April 15, 2026                     **DUANE MORRIS LLP**

By:   */s/ Daniel D. Wall*
       Sean Patterson
       Daniel D. Wall

       Attorneys for Defendant
       REALPLAY TECH INC.

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Realplay Tech Inc. certifies that this brief contains 3,711 words, which complies with the word limit of L.R. 11-6.1.


Dated:  April 15, 2026                    **DUANE MORRIS** LLP


By:  /s/ Daniel D. Wall
        Sean Patterson
        Daniel D. Wall

        Attorneys for Defendant
        REALPLAY TECH INC.

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

## <u>CERTIFICATE OF SERVICE</u>

*Khinoo v. Realplay Tech Inc.*
U.S.D.C., Central Dist. of California, Case No. 2:26-cv-00959-JFW (PVCx)

I am a citizen of the United States, over the age of 18 years, and not a party interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date set forth below, I served the following documents:

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REALPLAY TECH INC.'S MOTION TO COMPEL ARBITRATION**

☒ **BY ELECTRONIC SERVICE TO THE CM/ECF SYSTEM**: In accordance with Federal Rules of Civil Procedure, I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

Frank S. Hedin                          Attorneys for Plaintiff
HEDIN LLP                               JEREMY KHINOO
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Telephone: +1 305 357 2107
Fax: (305) 200-8801
Email: fhedin@hedinllp.com

Adrian Gucovschi
GUCOVSCHI LAW FIRM, PLLC
140 Broadway, 46th Floor
New York, New York 10005
Telephone: +1 212 884 4230
Email: adrian@gucovschilaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 15, 2026, at San Francisco, California.

_____
JoAnna Soliman

DM1\20837336.2                          1                          CAPTION 2:26-CV-00959
CERTIFICATE OF SERVICE