Docusign Envelope ID: 6CEF94A6-3240-4EBD-9C2F-112BC33E6F60

C. Sean Patterson
Daniel D. Wall
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:  +1 415 957 3000
Fax:   +1 415 957 3001
CSPatterson@duanemorris.com
DWall@duanemorris.com

Attorneys for Defendant
REALPLAY TECH INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KHINOO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REALPLAY TECH INC.,<br><br>Defendant. | Case No. 2:26-cv-00959-JFW (PVCx)<br><br>**DECLARATION OF OSHRI COHEN ISO MOTION TO COMPEL ARBITRATION**<br><br>Date:<br>Time:<br>Dept.:    Courtroom 7A, 7th Floor<br>Judge:    Honorable John F. Walter<br><br>Action Filed:    January 30, 2026 |

I, OSHRI COHEN, declare as follows:

1.    I am Chief Executive Officer of RealPlay Tech Inc. ("RealPlay"). I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify thereto.

2.    RealPlay is a private company organized and existing under the laws of Delaware, with a place of business at 8 The Green Suite B, Kent, Delaware 19901. In my role, I am familiar with RealPlay's platform, user registration process, Terms of Use ("Terms"), and the systems used to record and maintain user account activity, including acceptance of terms.

3.    I have reviewed RealPlay's business records relating to Plaintiff

DM1\20855398.2

Docusign Envelope ID: 6CEF94A6-3240-4EBD-9C3F-112BC33E6F60

Jeremy Khinoo ("Plaintiff"), including account registration data, acceptance logs, and applicable versions of the Terms of Use.

4. RealPlay maintains these records in the ordinary course of business, and it is RealPlay's regular practice to create and maintain such records at or near the time of the events they reflect.

5. RealPlay operates an online social gaming platform accessible at www.realprize.com (the "Platform").

6. The Platform is designed for entertainment purposes only. The Platform does not provide any essential or critical service. Users voluntarily choose to access and use the Platform and may stop using it at any time without consequence.

7. At all relevant times, users were required to create an account before accessing, using, or playing games on the Platform.

8. During account creation, users are required to review and affirmatively accept RealPlay's Terms of Use and Privacy Policy.

9. The registration interface presents users with a checkbox stating: "By ticking this box you indicate that you have read and acknowledge Terms of Use Service Agreement & Privacy Policy."

10. Users must also confirm that they meet eligibility requirements (including age and location restrictions).

11. These checkboxes appeared directly above the "Create Account" button.

12. A user cannot complete registration or access the Platform without affirmatively checking these boxes and acknowledging that they have read and agreed to the Terms and meet the restriction requirements.

13. The Terms are accessible via clearly visible hyperlinks during registration. The hyperlinks are bolded and appear in dark gold font against a white

2

DECLARATION OF OSHRI COHEN ISO MOTION TO COMPEL ARBITRATION

background. When accessing the terms, a notice to the arbitration provision appears on the first page.

14.   This process requires an affirmative act of assent and constitutes a clickwrap agreement requiring affirmative assent.

15.   A true and correct copy of the registration interface is attached as **Exhibit A**.

16.   RealPlay maintains electronic records documenting each user's acceptance of the Terms.

17.   These records include, among other things: the date and time of acceptance; the version of the Terms accepted; the account identifiers associated with the user.

18.   These records are maintained in the ordinary course of RealPlay's business and are relied upon by RealPlay.

19.   Based on my review of RealPlay's records, Plaintiff Jeremy Khinoo registered an account on July 12, 2024.

20.   At the time of registration, Plaintiff was required to accept, and did accept, the Terms then in effect.

21.   RealPlay's records reflect that the Terms accepted by Plaintiff at the time of his initial registration were Version 1.2, effective June 2024. A true and correct copy of the Terms of Use Version 1.2, effective June 2024, is attached as **Exhibit B**.

22.   RealPlay's records further reflect that Plaintiff accepted subsequent updated versions of the Terms, including Version 2.4, through continued use of the Platform. A true and correct copy of the Terms of Use Version 2.4 is attached as **Exhibit C**.

23.   RealPlay's records further show that Plaintiff created and used multiple accounts on the Platform.

24.   Each time Plaintiff registered an account, he was required to accept the

DECLARATION OF OSHRI COHEN ISO MOTION TO COMPEL ARBITRATION

Terms as a condition of access.

25. Plaintiff did not opt out of the arbitration provision contained in the Terms.

26. All versions of RealPlay's Terms during the relevant time period include a mandatory arbitration provision.

27. The Terms require that any dispute "arising out of or relating to" the Platform or services be resolved through binding arbitration.

28. The Terms also include a delegation provision stating that issues concerning the enforceability, scope, or validity of the arbitration agreement are to be decided by the arbitrator as reflected in Exhibit B and Exhibit C.

29. The Terms further include a class action waiver requiring that disputes be brought on an individual basis.

30. Users are provided with an opportunity to opt out of arbitration within a specified period, but Plaintiff did not do so.

31. RealPlay periodically updates its Terms.

32. When material updates occur, users are required to accept the updated Terms before continuing to use the Platform.

33. RealPlay's records show that Plaintiff continued to access and use the Platform after such updates and accepted updated Terms.

34. Based on RealPlay's records and systems, Plaintiff agreed to RealPlay's Terms, including the arbitration provision, as a condition of using the Platform.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 14, 2026, in Tel-Aviv, Israel.

Signed by:

*oshri cohen*

EE9DBD20DC1944D...

OSHRI COHEN

4

DECLARATION OF OSHRI COHEN ISO MOTION TO COMPEL ARBITRATION

## CERTIFICATE OF SERVICE

*Khinoo v. Realplay Tech Inc.*
U.S.D.C., Central Dist. of California, Case No. 2:26-cv-00959-JFW (PVCx)

I am a citizen of the United States, over the age of 18 years, and not a party interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date set forth below, I served the following documents:

**DECLARATION OF OSHRI COHEN ISO MOTION TO COMPEL ARBITRATION**

☒    **BY ELECTRONIC SERVICE TO THE CM/ECF SYSTEM**: In accordance with Federal Rules of Civil Procedure, I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

| | |
|---|---|
| Frank S. Hedin<br>HEDIN LLP<br>1395 Brickell Avenue, Suite 610<br>Miami, Florida 33131-3302<br>Telephone: +1 305 357 2107<br>Fax: (305) 200-8801<br>Email: fhedin@hedinllp.com | Attorneys for Plaintiff<br>JEREMY KHINOO |

Adrian Gucovschi
GUCOVSCHI LAW FIRM, PLLC
140 Broadway, 46th Floor
New York, New York 10005
Telephone: +1 212 884 4230
Email: adrian@gucovschilaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 15, 2026, at San Francisco, California.

_____
JoAnna Soliman

CERTIFICATE OF SERVICE